UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS CEDENO<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES of AMERICA<br><br>　　　　Respondent. | **MEMORANDUM AND ORDER**<br><br>15-cr-00067 (LDH) |

L\ASHANN D\EARCY HALL, United States District Judge:

　　　　Luis Cedeno ("Petitioner"), proceeding pro se, moves pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603 of the First Step Act of 2018 (the "First Step Act"), for a reduction of sentence or compassionate release.

## BACKGROUND

　　　　On August 12, 2015, Petitioner pleaded guilty to one count of conspiracy to import five kilograms or more of cocaine into the United States from a place outside thereof, in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1) and 960(b)(1)(b)(ii). (August 12, 2015 Minute Entry, ECF No. 49; *see* Indict. ¶ 1, ECF No. 1.) The Probation Department calculated a guidelines range of 210 to 262 months' imprisonment and recommended a sentence of 210 months' imprisonment. (Def.'s Sentencing Mem. at 12, ECF No. 54; Gov't's Resp. Opp'n Def.'s Mot. ("Gov't's Opp'n") at 5, ECF No. 110.) However, due to a conceded error made by the Government, the Government requested that the Court sentence Petitioner to a term of imprisonment within a lower guideline range—135 to 166 months. (Sentencing Tr. 3:21-4:1, ECF No. 75.) Ultimately, the Court determined that, pursuant to a *de facto* agreement between

1


the parties, it would consider the applicable guideline range as 135 to 168 months' imprisonment. Petitioner did not object to this determination, and the Court sentenced Petitioner to 144 months' imprisonment followed by five years' supervised release. (Judgment, ECF No. 64; *see* February 18, 2016 Minute Entry, ECF No. 49.)

On June 13, 2023, Petitioner filed the instant petition requesting a reduction of sentence or compassionate release. (Def.'s Mot. Compassion. Release and/or Reduct. Sentence ("Pet.") at 1, ECF No. 109.) In support of his petition, Petitioner highlights that: (1) he has served 85% of his sentence; (2) his medical conditions place him at a high risk of contracting COVID-19; (3) he has been subject to harsh conditions of confinement; (4) he was denied access to a residential drug abuse program—which, if completed, provides for a reduction of sentence; (5) he has a positive prison record and has participated in rehabilitation programs; (6) the length of his sentence is the product of him having a prior offense for unlawfully possessing marijuana; (7) he previously believed that he would be sentenced to the mandatory minimum of 10 years; and (8) he has strong familial support. (*Id.* at 2.) On June 28, 2023, the Government filed its response in opposition to the petition. (*See generally* Gov't's Opp'n)

On May 31, 2024, Petitioner was released from custody and commenced his supervised release. *See* Find an Inmate, Bureau of Prisons, https://www.bop.gov/inmateloc// (last visited Aug. 7, 2025).

## DISCUSSION

Article III Section 2 of the United States Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. II, § 2. To satisfy the "case-or-controversy" requirement, "a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). "[I]f an event occurs during the course of the proceedings or on appeal that makes it

impossible for the court to grant any effectual relief whatever to a prevailing party," the Court must dismiss the case. *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005) (citations and internal quotations omitted). In other words, if effectual relief by virtue of a favorable judicial decision is no longer possible, a court must dismiss the case as moot. *United States v. Blackburn*, 461 F.3d 259, 261-62 (2d Cir. 2006).

Here, the only relief Petitioner effectively seeks is an earlier release from prison than his sentence contemplated. (Pet. at 1, 2, 6, 7, 16-19.) Indeed, the arguments raised by Petitioner focus exclusively on why his release from prison would be appropriate under the First Step Act. However, where a Petitioner has already been released from prison, the Second Circuit instructs that the petition is moot and should be denied accordingly. *United States v. Chestnut*, 989 F.3d 222, 224-25 (2d Cir. 2021).[1]

"While it is true that a criminal case does not 'necessarily become moot when [an] [inmate] finishes serving [his] sentence,' it will only remain a live case or controversy if there exists 'some concrete and continuing injury or collateral consequence resulting from the conviction.'" *Martin*, 974 F.3d at 140 (first and second alteration in original) (citation omitted). "[C]hallenges to sentences do not create a presumption of collateral consequences" in and of themselves. *Id.* at 141. Similarly, "a challenge to the length of a completed sentence does not

---

[1] The Court is aware that under certain circumstances it must assess whether a compensatory reduction in supervised release is warranted, such as when a petitioner alleges that an error occurred in determining the original sentence imposed or when a change in the law renders his or her sentence too harsh. *Chestnut*, 989 F.3d at 224-225 (finding that the presence of a live case or controversy was not preserved by the petitioner's supervised release, where the petitioner only sought compassionate release and was "not seeking a resentencing because of some procedural or substantive error in his original sentence or because changes in the law have made his original sentence too harsh"). This is because "[a]rguments for a shorter overall sentence could potentially cause the district court to reduce a [petitioner]'s term of supervision, whether because the original term is deemed to have been too long from inception or 'to compensate' for the excess time the [petitioner] served in prison." *Id.* (citation omitted). However, where, as here, a petitioner's arguments cannot logically be construed as challenging their overall sentence, but instead merely relates to a request for compassionate release, the relief sought should be construed as limited to a modification of their term of imprisonment because such "is distinct" from a reduction in a term of supervision. *Id.* at 225 (quoting *United States v. Martin*, 974 F.3d 124, 141 n.15 (2d Cir. 2020)).

present a live controversy solely by virtue of its collateral effect or consequence on future sentencing." *Id.* Without a presumption of collateral consequences or an apparent live controversy, "the [petitioner] seeking to challenge an already-completed sentence 'bears the burden of demonstrating some "concrete and continuing injury" sufficient to create an Article III case or controversy.'" *Id.* (quoting *United States v. Mercurris*, 192 F.3d 290, 294 (2d Cir. 1999) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))). The instant petition, even liberally construed, makes no such showing. In fact, Petitioner suggests that the Court "can negate any concerns [with respect to his release from prison] by increasing the restrictions of supervised release." (Pet. at 18-19.) It is plain to the Court that Petitioner's requested relief is no longer possible, and his petition is moot. *See Chestnut*, 989 F.3d at 224-225; *see also Martin*, 974 F.3d at 144 ("a favorable judicial decision under the [First Step] Act that would have the effect of reducing [the petitioner's] term of imprisonment is no longer possible; his motion is moot.").

## CONCLUSION

For the foregoing reasons, Petitioner's petition for a reduction in sentence or compassionate release is DENIED as moot.

SO ORDERED.

Dated: Brooklyn, New York  
      September 30, 2025

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge

4